# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:14-cr-130-J-32JRK

KENNETH LEWIS SOLOMAN, SR.  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Kenneth Lewis Soloman, Sr., is a 60-year-old inmate incarcerated at Pensacola FPC, serving a 180-month term of imprisonment for the distribution of cocaine base, the possession of cocaine base with intent to distribute, and the possession of a firearm by an armed career criminal. (Doc. 69, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 1, 2027. Defendant seeks compassionate release, through appointed counsel, because

---

[1] The Court assumes for purposes of this Order that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

he tested positive for Covid-19 in June and July 2020, and because he has stage 2 chronic kidney disease, type 2 diabetes, obesity, hypertension, atrial fibrillation, and a blood disorder. (Doc. 82, Pro Se Motion for Compassionate Release; Doc. 90, Counseled Supplemental Motion). The Court has also considered the United States' response (Doc. 91), Defendant's reply (Doc. 94), and the parties' exhibits.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not shown extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). The record supports Defendant's assertion that he has underlying conditions, including stage 2 chronic kidney disease, atrial fibrillation, hypertension, and a blood disorder (possibly polycythemia or hemochromatosis). (Doc. 90-2 at 2–3).[2] However, Defendant's conditions are treated by medication and each appears to be well-controlled. (See Doc. 90-2 at 5, 8; Doc. 91

---

[2] Defendant also asserts that he has Type 2 diabetes, but recent medical records indicate that this condition was deemed resolved in September 2020 based on Defendant's A1c levels. (See Doc. 91-2 at 3, 134).

2

at 8–12). Indeed, he is classified as a stable Care Level 2 inmate. (Doc. 90-1 at 3).

Importantly, Defendant has already contracted and recovered from coronavirus. He first tested positive for Covid-19 on June 28, 2020, had a negative test on July 14, 2020 (which may have been a false negative), and tested positive again on July 21, 2020. (Doc. 90-2 at 13–15). Defendant was placed under quarantine and monitored. Notably, Defendant did not report having any symptoms during that time. (Doc. 91-2 at 104–07). As of September 2, 2020, Defendant was negative for Covid-19. (Id. at 134).

The parties dispute whether Defendant is now immune to Covid-19 or whether he is susceptible to reinfection. Early data suggests that reinfection with Covid-19 is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million infections globally as of October 2020.[3] Additional recent data suggests that immunity to Covid-19 may last several years.[4] But whether or not Defendant might be susceptible to reinfection, his recovery is significant because it also demonstrates his ability to tolerate and recover from coronavirus. "Fortunately, therefore, the record refutes any dire prediction that Defendant would succumb to coronavirus were he to contract it." United States v. James Charles Jones, No. 3:09-cr-131-J-20MCR, D.E. 275 at 3 (M.D. Fla. Sept. 29, 2020). Defendant submits no evidence that he suffers lingering effects from the prior Covid-19 infection, and his

---

[3]   "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[4]   https://www.usnews.com/news/health-news/articles/2020-11-17/immunity-to-coronavirus-could-last-years-study-finds.

fear of experiencing a serious reinfection is only speculative. As such, the Court concludes that neither Covid-19 nor Defendant's underlying conditions are a justification for compassionate release. See United States v. Johnson, No. 8:11-cr-12-T-27AEP, 2020 WL 6134668, at *2 (M.D. Fla. Oct. 19, 2020) (finding that movant had not shown extraordinary and compelling reasons for compassionate release where he tested positive for Covid-19 but was asymptomatic); United States v. Thomas, No. 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2-3 (M.D. Fla. Aug. 14, 2020) (same where movant with underlying conditions had flu-like symptoms from Covid-19).[5]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. Defendant was convicted of distributing cocaine base, possessing cocaine base with intent to distribute, and possession of a firearm by a convicted felon. Law enforcement officers were led to Defendant after a confidential informant purchased $60 in cocaine base from Defendant at his residence. (Doc. 66, Presentence Investigation Report [PSR] at ¶ 9). When police officers executed a search warrant of the home, they discovered additional cocaine and cocaine base, as well as a 9 mm pistol, a 12-gauge shotgun, two rifle magazines, and boxes of ammunition. (Id. at ¶ 10). Defendant's sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had five prior convictions

---

[5] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent discretion to identify extraordinary and compelling reasons.

4

for the sale or delivery of cocaine. (Doc. 66 at ¶ 23). In addition, Defendant had other prior convictions for possessing and trafficking cocaine. (Id. at ¶¶ 32, 38, 39). Despite serving numerous prison sentences, Defendant continuously returned to dealing or possessing drugs and possessing firearms. Given this unrelenting criminal record, there is a high likelihood that Defendant would reoffend were he to be released.

As of today, Defendant has spent a little more than 78 months in custody, dating from his initial arrest on May 21, 2014. (See Doc. 66 at p. 2). That amounts to about 43% of his 180-month mandatory minimum prison sentence. Accounting for good time credits, Defendant has more than six years remaining on his sentence. Although the Court commends Defendant for avoiding disciplinary infractions and continuing his education while in prison, in view of all the § 3553(a) factors, the Court finds that a sentence reduction is not warranted at this time.

Accordingly, Defendant Kenneth Lewis Soloman, Sr.'s Motion for Compassionate Release (Doc. 82; Doc. 90) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of December, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

---

[6] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

lc 19

Copies:
Counsel of record
Defendant